131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David CHAVEZ-RAMIREZ, Defendant-Appellant.
 No. 96-30242.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the District of Alaska John W. Sedwick, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Chavez-Ramirez appeals from his 57-month sentence imposed following his guilty plea to Unlawful Reentry of an Alien Previously Deported Following Conviction for an Aggravated Felony (8 U.S.C. §§ 1326(a) and (b)(2)). We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 3
 I. Erroneous Calculation of Criminal History Points
 
 
 4
 Chavez-Ramirez contends that his due process rights were violated at sentencing because the district court relied on a Presentence Investigation Report ("PSR") that incorrectly calculated his criminal history points. We disagree.
 
 
 5
 "[I]n determining whether a remand is required where the sentence was imposed as a possible result of an incorrect application of the sentencing guidelines, the court of appeals must determine whether a district court would have imposed the same sentence had it not relied upon the invalid factor or factors." United States v. Sherwood, 98 F.3d 402, 414 (9th Cir.1996) (citing Williams v. United States, 503 U.S. 193, 201 (1992)). The government concedes that the PSR incorrectly added one criminal history point, and that therefore Chavez-Ramirez's statutorily correct Criminal History Category was V instead of VI as stated in the PSR. While the district court was unaware of the error, it granted defense counsel's request to depart downward to Category IV under U.S.S.G. § 4A1.3 on the finding that "Category VI as well as V would seriously overstate his criminal propensity and that Category IV is appropriate."
 
 
 6
 Because the district court's decision to depart downward was based on the finding that Category IV was appropriate and more accurately represented Chavez-Ramirez's criminal history, we reject Chavez-Ramirez's contention that the district court meant to depart downward two Categories regardless of any computational errors in the the PSR. See id. Furthermore, Chavez-Ramirez does not indicate how the PSR's incorrect calculation of his criminal history points had any effect on the district court's decision not to depart downward from the base offense level of 24. Because we can conclude that the district court would have imposed the same sentence had it not relied upon the incorrect criminal history point calculation, remand is not required. See id.
 
 II. Ineffective Assistance of Counsel
 
 7
 Chavez-Ramirez also contends that counsel was ineffective for not objecting to the PSR's incorrect calculation of his criminal history points. We disagree because, as discussed above, Chavez-Ramirez was not prejudiced by his counsel's failure to object. See Strickland v. Washington, 466 U.S. 668, 697 (1984) (ineffective assistance of counsel claims may be disposed of solely for lack of prejudice).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3